## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**DOMINGO SANTANA-ROSA**
    **Petitioner**

    **v.**

**UNITED STATES OF AMERICA**
    **Respondent**

**Civil No. 03-1194 (HL)**
**[Related to Criminal No. 95-221 (HL)]**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Domingo Santana-Rosa (hereafter "Santana"), filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on February 26, 2003 (**Docket No. 1**).  The government  responded to the motion asking that the motion be summarily dismissed and Santana filed a reply to the same (**Docket Nos. 5, 6**).

The Honorable Héctor M. Laffitte referred this matter to the undersigned for report and recommendation (**Docket Nos. 7, 9**).  For the reasons set forth below, this Magistrate-Judge **RECOMMENDS** that the motion be **DENIED**.

**I.**    **Procedural Background**

Santana was charged along with two other individuals in a one count superseding indictment with illegal possession with intent to distribute cocaine while on a vessel within the customs waters of the United States in violation of 46 U.S.C. App. § 1903(a)(c)(1)(D) and (f) and 18 U.S.C. § 2  (Criminal No. 95-221(HL), Docket No. 22).  Following a five-day jury trial, Santana and the other two co-defendants were convicted on Count One of the indictment  (Criminal No. 95-221(HL), Docket No. 65).  Pursuant to the U.S. Sentencing Guidelines, Santana was sentenced to serve 250 months of imprisonment. (*Id.* at Docket Nos. 77, 80).

Santana appealed his sentence and conviction (Criminal No. 95-221 (HL), Docket No. 83).  On appeal he raised issues pertaining to jury instructions, the opinion testimony of a witness and the sufficiency of the evidence.  On January 6, 1998, after addressing the issues raised   the Appellate Court affirmed Santana's conviction.  *United States v. Santana-Rosa*, 132 F.3d 860 (1st Cir.1998).  Judgment was entered on the same date, and the Appellate Court issued an informal mandate on January 28, 1998  (Criminal No. 95-221(HL), Docket No. 115).  Santana did not seek review by the United States Supreme Court.

In the meantime, in 1998, Santana pled guilty to a companion case, Criminal No. 97-173(SEC), and was sentenced to serve 121 months of imprisonment.  This sentence was to be served concurrently with the sentence imposed in Criminal No. 94-221(HL).  In Criminal No. 97-173(SEC) Santana was represented prior to sentence by Attorney Mariangela Tirado-Vales and for sentencing purposes, at Santana's request, he was represented by Attorney Robert Millán.  *See* Criminal No. 95-221(HL), Docket No. 119.  Approximately four years later, on April 10, 2002, the government filed a Rule 35(b) Motion in Criminal Case No. 95-221(HL).  *Id.* at Docket No. 132.  The motion was granted and Santana's sentence was reduced by 24 months to 226 months of imprisonment.  *Id.* at Docket Nos. 133, 134.

Santana now brings this § 2255 petition **(Docket No. 1)**.  He contends that he received ineffective assistance of post-conviction counsel as follows:

1.    Attorney Roberto Millán was ineffective in that he failed to file a response or opposition to the Government's Rule 35 Motion.

    2.     Attorney Roberto Millán was ineffective in that he did not request the Court to allow Santana an opportunity for allocution regarding the issue of reduction of sentence.

**II.   Factual Background**

The record reflects that in Criminal Case No. 95-221(HL), during pretrial, trial and sentencing proceedings Santana was represented by Attorney Robert Millán (hereafter "Attorney Millán").  Attorney Millán did not represent Santana on appeal[1] and had no contact with Santana after Santana was sentenced in Case No. 95-221(HL).  It was not until 1998 that Attorney Millán next had contact with Santana, and this was in regard to Criminal Case No. 97-173(SEC).  Santana was not represented by Attorney Millán in Criminal Case No. 97-173(SEC) until the sentencing stage of the proceedings.  At that time Santana retained the legal services of  Attorney Millán because he was not satisfied with his previous trial counsel.

In response to Santana's request, Attorney Millán indicates that in 1998 Santana asked Attorney Millán to visit him at MDC-Guaynabo where Santana was being held.  At that time Santana indicated to Attorney Millán that he regretted not having followed Attorney Millan's advice in Criminal Case No. 95-221(HL) and accepted the plea agreement instead of going to trial.  Santana asked if it was too late to have his sentence modified and was advised that it was, inasmuch as Santana had been convicted and sentenced.  It was at this time that Santana asked Attorney Millán to represent him at sentencing in Criminal Case No. 97-173(SEC).  In the latter, Santana was sentenced on July 17, 1998, to serve

---

[1] The First Circuit Court of Appeals did set forth the facts of the case in its decision on direct appeal. *See: United States v. Santana-Rosa*, 132 F.3d 860 (1st Cir. 1998).

a sentence of imprisonment of 121 months which was to be served concurrently with the sentence imposed in Criminal No. 95-221(HL). *See* Criminal No. 95-221(HL), Docket No. 119.

According to Attorney Millán, following Santana's sentencing in Criminal Case No. 97-173(SEC) Santana informed Attorney Millán that he wanted to cooperate with the government. Santana recalled that his co-defendants from Criminal Case No. 95-221(HL) had cooperated and received reductions in their sentences.

According to Santana, while Criminal Case No. 97-173(SEC) was pending he had begun to cooperate with the government and had provided information as to at least 15 other individuals involved in drug trafficking. At that time he began cooperating there remained three codefendants' pending trial and Santana was available to testify as a government witness if necessary.[2] Santana indicates that Agent Richard Escalera and others took him from MDC-Guaynabo where he was being held and that Santana took the agents to ten different residences and/or places where drug traffickers lived or operated. Additionally, when he was debriefed Santana gave additional information regarding a drug load importation that had occurred in February 1995. In 1999 Santana also identified a drug trafficker as to whom he had previously provided information about to agents. In 2000 he yet identified another individual involved in drug trafficking.

Attorney Millán advises the Court that at the time he undertook defendant's legal representation in Criminal No. SEC), he was not privy to the information Santana had provided to the government, nor did he participate in the debriefing

---

[2]  All three co-defendants subsequently pled guilty.

process.  At a point in time that Attorney Millán cannot precise, he recalls that Santana telephoned him and requested him to contact the United States Attorney's Office and inquire regarding Santana's cooperation with the government and any related outcome.  Attorney Millán indicates that he did so.

According to Santana, in spite of the fact he had provided the above assistance, the government initially refused to file a Rule 35 motion.  It was not until his attorney, Attorney Robert Millán, made such a written demand on February 15, 2002, that the government filed the Rule 35 Motion seeking a reduction of sentence based on Santana's cooperation.

The record contains a letter authored by Attorney Millán and dated February 15, 2002, addressed to Assistant United States Attorney Patricia Sultzbach.  An examination of said letter reveals that Attorney Millán had been initially told that the request for a reduction in sentence based on Santana's cooperation had been rejected.  Given such fact, Attorney Millán requested the government to certify such denial, in writing, so as to enable him to inform Santana on the outcome of his efforts seeking a reduction in sentence.  In the same letter Attorney Millán asked the government to reconsider its decision not to petition for a reduction in sentence and did set forth reasons why a reduction in sentence was appropriate.  He also asked, without demanding or suggesting a specific term, for a reasonable reduction in sentence.

Attorney Millán's request was favorably considered and the record reflects that on April 10, 2002,  the government filed a Rule 35(b) Motion (Criminal No. 95-221(HL), Docket No. 132).  The motion was filed six years after he was sentenced in Criminal Case No. 95-221(HL) and approximately four years after

Santana was sentenced in Criminal Case No. 97-173(SEC).  Attorney Millán filed no response to the motion nor was a hearing held. The motion was granted and Santana's sentence was reduced by 24 months to 226 months of imprisonment (Criminal No. 95-221(HL), Docket No. 133, 134).  An amended judgment was entered the same day.

Attorney Millán indicates that he was not aware of the specific information provided by Santana during his debriefings with government agents until he received a copy of the motion filed by the government.  After Attorney Millán received the amended judgment, he notified Santana that his sentence had been actually reduced based on his cooperation with government authorities.  At the time Attorney Millán recalls that Santana commented that the reduction was too low *vis a vis* the cooperation provided.  Reportedly, Attorney Millán did not hear from Santana until after this § 2255 motion was filed.

### III.   Conclusions of Law

Pursuant to 28 U.S.C. § 2255 there are four grounds upon which a federal prisoner may base a claim for relief.  The petitioner may claim that:  1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose such sentence; 3) the sentence was in excess of the maximum authorized by law; and, 4) the sentence is otherwise subject to collateral attack.  It is a well established principle that a federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . ."  28 U.S.C. §2255.  However, such a petition may be summarily denied where it contains mere bald assertions without specific factual allegations. *Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992).

Additionally, if a motion fails to raise an issue cognizable under § 2255 or if the movant fails to make an adequate representation concerning cause and prejudice, a court may, in its discretion, deny the motion without conducting an evidentiary hearing.  R. Governing Sec. 2255 Proceedings 4(b); *see also Barrett v. United States,* 965 F.2d 1184, 1186 (1st Cir.1992).  Finally, even a facially adequate petition may be denied without a hearing where the alleged facts are conclusively refuted by the files and records of the case.  *Barrett,* 965 F.2d at 1186*; Lema v. United States*, 987 F.2d 48, 51-52 (1st Cir. 1993).

As discussed, Santana seeks § 2255 relief on the basis that his counsel was ineffective during Rule 35 proceedings in that he did not file a response to the Government's Rule 35(b) motion or request a hearing.  The government responds that because Santana did not seek a direct appeal of the Rule 35 Order or Amended Judgment he deprived this Court of jurisdiction.  The government further argues that because a Rule 35(b) motion does not call into question the judgment and sentence, §2255 petition cannot supply, at this stage, a remedy.  Additionally, the government argues that Santana was not automatically entitled to a hearing on the Rule 35(b) motion.  Finally, the government argues that a criminal defendant cannot rest an appeal on how the court exercises its sentencing discretion in granting a downward departure merely because he is not satisfied with the quantification of the Court's generosity.

**A.      Relief under § 2255**

On September 30, 2004, the Court ordered the parties to brief the issue of whether effective assistance of counsel attaches to a discretionary matter such as a Rule 35(b) motion.  Santana argues that he is entitled to effective assistance of counsel at each critical stage of a criminal prosecution and that sentencing

constitutes one of those critical stages where habeas corpus relief is appropriate. Santana also refers to cases entertained by the First Circuit Court of Appeals wherein individuals have filed § 2255 petitions claiming ineffective assistance of counsel in regards to the filing or non-filing of a Rule 35(b) motion.  Petitioner particularly cites *Figueroa Almonte v. United States*, No. 89-2076, 1990 WL 151372 (1st Cir. Sept. 10, 1990) and *Escudero-Aponte v. United States*, No. 02-2708, 2003 WL 21295829 (1st Cir. May 22, 2003).  In *Escudero* the First Circuit Court of Appeals determined that the test for ineffective assistance of counsel applied to a claim in which an attorney failed to file a motion under former Fed.R.Crim.P. 35(b).

In the present case the government argues that a § 2255 petition cannot supply a remedy to Santana.  It further argues that Santana does not have a constitutional right to counsel on a Rule 35 proceeding inasmuch as the Sixth Amendment right to counsel does not attached to this stage of the proceeding. At least three appellate courts concur in the government's position.

In *United State v. Palomo*, the Fifth Circuit Court of Appeals held that a Rule 35(b) motion is not a trial-related proceeding and no Sixth Amendment right to counsel attaches at this stage of the proceeding.  *United State v. Palomo*, 80 F.3d 138, 142 (5th Cir. 1996) (citations omitted).  This is so because the Rule 35(b) proceedings occurred afer judgment had been entered and sentence was imposed. *Id.*  The *Palomo* court concluded that because no constitutional right attached, § 2255 relief could not lie.  In *Palomo*, like the case at bar, the government filed a Rule 35 motion, there was no timely response to the motion[3] and the motion was

---

[3] A belated response was filed after the Court had entered its order.

granted but the sentencing court did not reduce the sentence to the amount that the defendant believed it should have been.

Additionally, the Fourth Circuit Court of Appeals ruled that a defendant who represented himself at the Rule 35 departure hearing was not entitled to counsel at that hearing. *United States v. McQueen*, No. 96-4793, 1998 WL 325952 n. 2 (4th Cir. June 18, 1998). *See also United States v. Boyce,* 352 F.2d 786, 787-88 (4th Cir.1965). Finally, the Seventh Circuit Court of Appeals has also determined that the failure to file a motion under Rule 35(b) does not show for purposes of a § 2255 claim that the sentence was imposed in violation of the Constitution or of a federal law for the purpose of a collateral attack. *United States v. Hill*, 826 F.2d 507 (7th Cir. 1987). In *Hill*, however, the Court did not foreclose the possibility that a timely filed Rule 35(b) motion allowed a remedy under § 2255. Nevertheless, the Seventh Circuit Court of Appeals has also held that there is no right to effective assistance of counsel in prosecuting post-conviction motions. *United States v. Kimberlin*, 898 F.2d 1262, 1265 (7th Cir. 1990) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987).

Notably, the First Circuit Court of Appeals' case which Santana relies upon, *Escudero-Aponte v. United States*, No. 02-2708, 2003 WL 21295829 (1st Cir. May 22, 2003), is not applicable to the case at bar. Escudero was a defendant who pled guilty to a crime committed in 1986, before the applicable date of the Sentencing Reform Act of November 1, 1987, as amended. Therefore, the former version of Fed.R.Crim.P. 35(b) applied to his case. After his sentence, Escudero never filed an appeal. He eventually moved to vacate the judgment under a § 2255 petition wherein he alleged trial counsel had provided ineffective assistance. The petition was denied on the merits. Later on, Escudero appealed

the District Court's rejection of his ineffective assistance of counsel claim by requesting a certificate of appealability (COA).  In considering Escudero's petition, the Appeals Court questions whether § 2255 is an appropriate vehicle in which to seek relief from counsel's failure to move for a reduction in sentence. In *Escudero* the First Circuit made specific mention that some Courts have held that because the failure to file a Rule 35(b) motion does not call into question the judgment and sentence a § 2255 petition cannot supply a remedy.  *Escudero,* 2003 WL 21295829 *2 n. 3, citing *United States v. Hill*, 826 F.2d 507, 509 (7th Cir. 1989). The Appeals Court specifically stated that it did not address this issue because the district court assumed that a § 2255 claim could supply a remedy and neither party challenged that assumption.  *Id.*

In the case at bar, § 2255 cannot supply a remedy to Santana.  More so, a Rule 35 is a post-conviction matter and the United States Supreme Court has spoken on the issue and has stated there is no right to counsel in post-conviction proceedings.  *See*: *Pennsylvania v. Finley*, 481 U.S. 551 (1987).  Accordingly, the undersigned determines that § 2255 cannot provide the relief sought by Santana, inasmuch as there is no right to effective assistance of counsel while seeking post-conviction relief.  Even if § 2255 does provide Santana an appropriate remedy, as discussed below, his claim is barred by the applicable limitation period and his counsel was not ineffective.

**B.      Limitation Period**

The Court also  ordered the parties to brief the issue of whether Santana's motion was timely filed in accordance with 28 U.S.C. § 2255.  Both Santana and the government believe that the § 2255 Petition was timely filed.  They reference the amended judgment filed upon resentencing and indicate that the statute of

limitations began to run following the entry of such amended judgment.  They also note that Santana filed his § 2255 petition within the one-year limitation period following entry of the amended judgment.

It is a clearly settled legal principal that a motion by a federal prisoner for post-conviction relief under §2255 is subject to a one-year time limitation that generally runs from the "date on which the judgment of conviction becomes final."  28 U.S.C. § 2255.  For post-conviction relief, "[f]inality attaches when [the United States Supreme Court] affirms a *conviction on the merits on direct review* or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527 (2003) (citations omitted) (Court's emphasis).

Santana' reliance on *United States v. McAndrews*, 12 F.3d 273 (1st Cir. 1993) for finality of judgment is misplaced.  The issue in *McAndrews* was whether the appellate court had jurisdiction to hear a timely filed appeal contesting an order on a Rule 35 motion.  The issue raised in McAndrews was that the Court did not grant adequate relief on the government's motion for reduction of sentence. *McAndrews* did not consider the issue of the finality of a judgment for post-conviction relief purposes pursuant to a § 2255 motion.

Contrary to both parties' positions, when a federal prisoner is resentenced following a Rule 35(b) motion filed by the government, the statute of limitations does not start from the date of the resentencing judgment.  *See United States v. Sanders,* 247 F.3d 139, 142-44 (4th Cir. 2001).   Under 18 U.S.C. § 3582(b)[4], the

---

[4] **Imposition of a sentence of imprisonment**
**(b) Effect of finality of judgment.**--Notwithstanding the fact that a sentence to imprisonment can subsequently be--
**(I)** modified pursuant to the provisions of subsection (c);

defendant's original judgment of conviction remains the final judgment even if his sentence has been modified or reduced as the result of the government filing a Rule 35 motion.  *Id.; Reichert v. United States*, No. 03-2121, 2004 WL 953983 (6th Cir. Apr. 27, 2004); *United States v. Schwartz,* 274 F.3d 1220, 1223-24 (9th  Cir. 2001). Hence, pursuant to § 3582(b), Santana's original judgment of conviction and sentence remains his final judgment for purposes of the § 2255 statute of limitations.   More so, the United States Supreme Court is quite clear that a defendant's conviction becomes final from at the conclusion of **direct review**, not at the conclusion of any post-conviction proceedings.

In the present case Santana filed a direct appeal.  Following his direct appeal, the Appellate Court issued an informal mandate on January 28, 1998 (Criminal No. 95-221(HL), Docket No. 115).  However, Santana did not seek review on certiorari to the United States Supreme Court.  Thus, "[a] conviction for a federal defendant who fails to file a petition for a writ of certiorari becomes final when the period in which he seasonably might have done so expires." *Derman v. United States*, 298 F.3d 34, 42  (1st Cir. 2002); *see also Clay v. United States*, 537 U.S. 522 (2003).   A petition for a writ of certiorari is timely when it is filed within 90 days after entry of judgment.  Sup.Ct R. 13.

In the present case the First Circuit Court of Appeals entered judgment on the direct appeal on January 6, 1998.  Santana then had 90 days from said date,

---

**(2)** corrected pursuant to the provisions of <u>rule 35 of the Federal Rules of Criminal Procedure</u> and section 3742; or
    **(3)** appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

a judgment of conviction that includes such a sentence constitutes a final judgment <u>for all other purposes</u>.  18 U.S.C. § 3582 (Court's emphasis).

in which to file a petition for writ of certiorari – that is up to and including April 7, 1999. This 1998 date triggered the one-year limitation period for filing, and thus Santana had up to and including April 7, 1999 to timely file a §2255 petition. Santana's §2255 petition was filed on February 26, 2003, over four years after the one-year limitation period expired.

Based upon the foregoing analysis, Santana did not timely file his § 2255 motion. Accordingly, this § 2255 petition is barred by the applicable limitation period. Were this matter  not to be considered barred by the applicable limitation period, still, for the reasons set forth, it must be concluded that counsel for Santana was not ineffective.

### C.        Ineffective Assistance of Counsel

To succeed on an ineffective assistance of counsel claim, Santana "has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Smullen v. United States*, 94 F.3d 20, 23 (1st Cir. 1996). In applying this test, first announced in *Strickland v. Washington*, 466 U.S. 668 (1984), "judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Hence there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As a corollary, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U .S. 91, 101 (1955)).

"It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Burger v. Kemp*, 483 U.S. 776, 788 (1987).  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. at 689.

In the case at bar, the record demonstrates that the government initially refused to file the Rule 35(b) motion sought by Santana.  After Attorney Millán was advised of the government's refusal he successfully persuaded the government to file a Rule 35(b) motion, which recommended a two-year sentence reduction.   The undersigned cannot say that Attorney Millán acted unreasonably in not responding to the Rule 35(b) motion and in not requesting an evidentiary hearing on its regard.  As is well known, a district court has broad discretion to craft appropriate procedures for considering Rule 35(b) motions, including the discretion to grant or deny an evidentiary hearing.  *United States v. McAndrews,*, 12 F.3d 273 (1st Cir. 1993).  Also, in light of the government's unwillingness to file the Rule 35 motion one cannot say that Attorney Millán's actions at the time were unreasonable.  It is clear that Attorney Millán reinstated his request for a reduction in sentence in writing.  In doing so, he outlined for the government attorneys the reasons that warranted the filing of said motion.  The record shows that although the government initially refused to exercise its discretion and move for a sentence reduction based on Santana's cooperation, upon considering Attorney Millán's petition the government did move under

Rule 35.  For Attorney Millán the perspective at the time may have been that it was better not to upset the apple cart, than to risk the chance that the government would either withdraw the motion or recommend an even lower amount of time for reduction in sentence.

Santana's protestations that he  would have had an opportunity to speak to the Court and that had he done so the District Court would have reduced Santana's sentence more than the amount of time recommended by the government is pure conjecture and speculation.  More so, there is no evidence showing that the government even made specific promises or representations to Santana as to any given sentence or sentence recommendation.  *See*: *United States v. Perdomo*, 980 F.2d 13, 16 (1st Cir. 1992); *United States v. Drown*, 942 F.2d 55, 58 (1st Cir. 1991) (the government is obliged to provide to the court the material facts surrounding the defendant's cooperation to provide to the court a better ability to assess the defendant's cooperation).  The government was better situated to assess the type and quality of Santana's cooperation.  It is known that assessing the defendant's cooperation is a duty entrusted to the government; that of imposing a sentence or granting a sentence reduction remains the province of the Court.  *United States v. Sánchez*, 354 F.3d 70 (1st Cir. 2004) (the decision to grant a departure lies within the discretion of the sentencing court); *United States v. Mills*, 329 F.3d 24, 33 (1st Cir. 2003); *United States v. Teeter*, 257 F.3d 14, 29-30 (1st Cir. 2001); *United States v. Maling*, 924 F.2d 808 (1st Cir. 1991) (plea agreement is a recommendation that does not bind the court).  Santana has not met his burden of showing that Attorney Millán's performance fell below an objective standard of reasonableness, and  there is a reasonable probability that, but for Attorney Millán's alleged error, the result of the proceedings would have been different.

**IV.    Conclusion**

Based upon the foregoing analysis, this Magistrate-Judge **RECOMMENDS** that Santana-Rosa's motion under § 2255 **(Docket No. 1)** be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72(a) and Local Criminal Rule 157.1.  Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Local Rule Civ. Rule 72(d); Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).  The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge.  *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 18th day of November, 2004.

**S/AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**