**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

DOMINGO SANTANA-ROSA
Petitioner

    v.                                            **CASE NUMBER:** 03-1194 (HL)

UNITED STATES OF AMERICA
Respondent

**ORDER**

Before the Court is Magistrate Judge Aida Delgado's Report and Recommendation (Docket No. 22). In her thoughtful and comprehensive Report and Recommendation, Magistrate Delgado recommends that the Court deny petitioner's motions to vacate, set aside, or correct his sentence under 28 U.S.C. section 2255. Petitioner Santana-Rosa filed timely objections to the Magistrate Judge's Report and Recommendation (Docket No. 23). The Court need not tarry. "Where, as here, [a magistrate judge] astutely takes the measure of a case and hands down a convincing, well-reasoned decision, [a reviewing] 'court should refrain from writing at length to no other end than to hear its own words resonate.'" Corrada Betances v. Sea-Land Service, Inc., 248 F.3d 40, 42-43 (1st Cir. 2001)(citations omitted).

The Court agrees with the Magistrate Judge's conclusion that section 2255 cannot provide the relief sought by petitioner Santana inasmuch as there is no right to effective assistance of counsel while seeking post-conviction relief on a Rule 35(b) reduction of sentence. While the First Circuit has not addressed this issue, other circuit courts have held that a motion for sentence reduction under Rule 35(b) is a collateral proceeding where a defendant has no right to assistance of counsel. See e.g., United States v. Palomo, 80 F.3d 138, 142 (5th Cir. 1996); United States v. Kimberlin, 898 F.2d 1262, 1265 (7th Cir. 1990). The Court agrees with the approach followed by the Fifth and Seventh Circuits.

The Court finds that there is no reason to disturb Magistrate Delgado's well-reasoned

Report and Recommendation. The Magistrate Judge addressed petitioner's ineffective assistance of counsel claim under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). The Magistrate Judge concluded, and the Court agrees, that Santana-Rosa did not meet his burden of showing that Atty. Millán's performance fell below an objective standard of reasonableness, or that there is a reasonable probability that, but for Atty. Millán's alleged error, the result of the post conviction Rule 35(b) reduction would have been different. In fact, Santana-Rosa's sentence was reduced by 24 months as a result of the government's Rule 35(b) motion, prompted by Atty. Millán. Consequently, the Court hereby **APPROVES** and **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. Petitioner's section 2255 motion (Dockets No. 1) is **DENIED.** Judgment shall be entered accordingly.

In San Juan, Puerto Rico, this 16th day of June, 2005

                                                    **S/ HECTOR M. LAFFITTE**
                                                    **U.S. District Judge**